UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**JERRAD COLEMAN,**

   Movant,

v.                                                     No. 4:25-cv-1081-P
                                                         (No. 4:24-cr-0149-P)

**UNITED STATES OF AMERICA,**

   Respondent.

## OPINION AND ORDER

Came on for consideration the motion of Jarrad Coleman under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. The Court, having considered the motion, the response, the record, and applicable authorities, concludes that the motion must be **DENIED.**

## BACKGROUND

On June 18, 2024, Movant was named in a two-count information charging him in count one with conspiracy to rob and unlawfully possess property of the United States, in violation of 18 U.S.C. § 371, and in count two with robbery of property of the United States, in violation of 18 U.S.C. § 2114(a) and § 2. CR ECF No.[1] 23. Movant and his counsel signed a waiver of indictment, CR ECF No. 37, a factual resume, CR ECF No. 38, and a plea agreement. CR ECF No. 39. The factual resume set forth the penalties Movant faced as to each count, the essential elements of each offense charged, and the stipulated facts establishing that Movant had committed each of the offenses. CR ECF No. 38. The plea agreement set forth the maximum penalties Movant faced as to each count, the Court's sentencing discretion and role of the guidelines, the government's agreement not to bring any additional charges against Movant based upon the conduct underlying and related to his plea of guilty, that the plea was made freely and voluntarily and was not the result of force, threats, or promises, that Movant waived his right to

---

[1] The "CR ECF No. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:24-cr-0149-P.

appeal or otherwise challenge his sentence except in certain limited circumstances, and that Movant had thoroughly reviewed all legal and factual aspects of the case with his counsel and was fully satisfied with counsel's legal representation. CR ECF No. 39.

On July 2, 2024, Movant appeared in open court for arraignment and testified under oath that: he had discussed with counsel how the sentencing guidelines might apply; he understood his right to indictment and waived that right; he had received the information and read and understood it; he understood and admitted that he committed each of the essential elements of each count of the information; he was fully satisfied with the representation and advice his counsel had provided; he signed the plea agreement and asked the Court to approve it; he discussed the waiver of appeal provision with counsel and knowingly and voluntarily waived that right as agreed in the plea agreement; he voluntarily and of his own free will entered into the plea agreement; he understood the penalties he faced; and, he signed the factual resume and the stipulated facts in it were true. CR ECF No. 74.

The probation officer prepared the presentence report ("PSR"). Based on a total offense level of 30 and a criminal history category of III, Movant's guideline imprisonment range was 121 to 151 months. CR ECF No. 46, ¶ 159. Counsel filed a lengthy memorandum in aid of sentencing, urging a below-guideline sentence. CR ECF No. 57.

The Court sentenced Movant to a term of imprisonment of 60 months as to count one and a term of imprisonment of 91 months as to count two, to be served consecutively for a total term of imprisonment of 151 months. CR ECF No. 66. Movant appealed, CR ECF No. 70, despite having waived the right to do so. CR ECF No. 39, ¶ 13. Movant's counsel filed a motion to withdraw and a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). The United States Court of Appeals for the Fifth Circuit concurred with counsel that the appeal presented no nonfrivolous issue for review and dismissed the appeal. *United States v. Coleman*, No. 24-10975, 2025 WL 1355421 (5th Cir. May 9, 2025).

## GROUNDS OF THE MOTION

Movant urges three grounds in support of his motion contending that he received ineffective assistance of counsel. ECF No. 1. In his fourth ground, he alleges that there was an arithmetic error at sentencing. *Id.*

## APPLICABLE LEGAL STANDARDS

### A.  § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164 (1982); *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both cause for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517–18 (5th Cir. 1978)).

### B.  Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, a movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466

U.S. 668, 688, 694 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## ANALYSIS

In support of his first ground, Movant alleges that he relied on the misrepresentation of counsel that his sentences would run concurrently. ECF No. 1 at 4.[2] The allegation is wholly conclusory and unsupported. Any contention that Movant relied on a promise of counsel as to what his sentence would be is belied by the record. In his plea agreement, Movant acknowledged that the maximum penalties he could receive– five years' imprisonment as to count one and ten years' as to count two– could run consecutively. CR ECF No. 39, ¶ 3. The factual resume provided the same information. CR ECF No. 38 at 1. The plea agreement reflected that Movant had "thoroughly reviewed all legal and factual aspects" of his case with counsel and was "fully satisfied" with counsel's legal representation. CR ECF No. 39, ¶ 14. Further, the plea agreement reflected that the plea was freely and voluntarily made and not the result of any promise except as set forth in the agreement. *Id.* ¶ 12. And, Movant acknowledged that no one could predict with certainty the

---

[2] The page number references to the motion are to "Page __ of 14" reflected at the top right portion of the document on the Court's electronic filing system.

outcome of the Court's consideration of the guidelines and that the sentence was solely in the discretion of the Court. *Id.* ¶ 5. Movant affirmed these things at the arraignment hearing. CR ECF No. 74. Movant's solemn declarations in open court carry a strong presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). His plea agreement and factual resume are likewise entitled to a presumption of regularity and carry great evidentiary weight. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994). Movant has not produced any independent indicia of the likely merit of any of his allegations to refute his sworn testimony and is not entitled to an evidentiary hearing. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998).

Movant also alleges that counsel rendered ineffective assistance in failing to make any objection to the PSR "that will exclude the other (7) seven allegations in the PSR before sentence," ECF No. 1 at 4, and in failing to address status points. *Id.* at 5. In his third ground, Movant alleges that appellate counsel rendered ineffective assistance in failing to "show these procedural error(s)." *Id.* at 7. Again, the allegations are wholly conclusory and fail to raise a cognizable ground.

Counsel does not render ineffective assistance in failing to raise meritless objections. *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994). (In fact, counsel is not ineffective for failing to raise every nonfrivolous ground for objecting. *United States v. Lagos*, 25 F.4th 329, 337 (5th Cir. 2022)). Here, any objection as to Movant's guideline calculation would have been frivolous. As explained in the response, the conspiracy count listed the separate robberies that were committed as part of the conspiracy and the offense level was properly determined by considering each of them. ECF No. 5 at 13–14. Moreover, Movant did not receive any status points, so objecting on that basis would have been frivolous. CR ECF No. 46, ¶ 101. Had the objections been made, Movant likely would have lost acceptance of responsibility. *See United States v. Shipley*, 963 F.2d 56, 59 (5th Cir. 1992) (a defendant must accept responsibility for all relevant conduct to be entitled to acceptance of responsibility).

To the extent Movant alleges that appellate counsel abandoned him, ECF No. 1 at 7, the record reflects otherwise. The filing of an *Anders* brief does not constitute ineffective assistance; rather, an attorney is

5

under an ethical obligation to refuse to prosecute a frivolous appeal and to seek to withdraw if he finds the case to be wholly frivolous.³ *Anders*, 386 U.S. at 744; *White v. United States*, 23 F. App'x 570, 572 (7th Cir. 2001). Movant waived his right to appeal except in certain limited circumstances not applicable here, CR ECF No. 39, ¶ 13, and the waiver is enforceable. *United States v. Barnes*, 953 F.3d 383, 389 & n.11 (5th Cir. 2020); *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). Movant did not have a meritorious claim he could have pursued.

In his fourth ground, Movant alleges an arithmetic error at sentencing. ECF No. 1 at 8. The argument is wholly confusing but appears to be based on the status points argument. ECF No. 5 at 13 n.3. As noted, Movant did not receive any status points, so the argument is frivolous. There was no arithmetic error. In any event, misapplications of the sentencing guidelines are not cognizable in a § 2255 motion. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999).

## CONCLUSION

For the reasons discussed, Movant's motion is **DENIED**.

Further, for the reasons discussed herein, pursuant to 28 U.S.C. § 2553(c), a certificate of appealability is **DENIED**.

**SO ORDERED** on this **2nd day of February 2026.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE

---

³ Movant had the opportunity to respond to the *Anders* brief and failed to do so. *Coleman*, 2025 WL 1355421, at *1.